Tammy Hussin (155290)
WEISBERG & MEYERS, LLC
6455 Pyrus Pl.
Carlsbad, CA 92011
760 676 4001 ext 215
866 565 1327 facsimile
thussin@AttorneysForConsumers.com
Attorney for Plaintiff



# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

CV08-05296 PSG (MANx)

| | |
|---|---|
| **Alex Upshaw** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF    FEDERAL    FAIR    DEBT** |
| vs. | ) **COLLECTION   PRACTICES   ACT** |
| | ) **and   ROSENTHAL   FAIR   DEBT** |
| **Creditors Financial Group, LLC** | ) **COLLECTION   PRACTICES   ACT** |
| | ) **and  INVASION OF PRIVACY** |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.     Plaintiff, Alex Upshaw ("Plaintiff"), is a natural person residing in Los Angeles County, in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.     At all relevant times herein, Defendant, Creditors Financial Group, LLC ("Defendant") was a New York limited liability company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.    During numerous telephone calls throughout the last year, Defendant repeatedly used language the natural consequence of which was to abuse Plaintiff, including mocking Plaintiff, using tones and words to belittle and humiliate Plaintiff, and repeatedly calling Plaintiff an "evader," all in violation of 15 USC § 1692d(2) and Cal Civ Code 1788.11(a).

7.    Throughout the last year of telephone calls, Defendant failed to provide Plaintiff with many of the notices required under 15 USC § 1692g, including but not limited to failing to notify Plaintiff of his right to dispute the debt in violation of 15 USC § 1692g(a)(3),(4), and (5), and Cal Civ Code 1788.17.

8.    Over the last year, Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy and/or abuse Plaintiff in violation of 15 USC § 1692d(5) and Cal Civ Code § 1788.11(d) and (e).

9.    On at least one occasion in the past year, Defendant threatened to take actions that could not have been legally taken or that were not actually intended to be taken, including threatening to charge Plaintiff with the crime of

"evasion of debt," and threatened to file a claim against on a particular day, which did not actually take place, in violation of 15 USC § 1692e(5) and Cal Civ Code § 1788.13(j).

10.    Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

11.    As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct

violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF ROSENTHAL
FAIR DEBT COLLECTION PRACTICES ACT**

13.    Plaintiff reincorporates by reference all of the preceding paragraphs.

14.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

**COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION**

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.     Actual damages

      B.     Punitive Damages; and,

      C.     For such other and further relief as may be just and proper.

## <u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>

Respectfully submitted 29th day of July, 2008

By: _____

Tammy Hussin (155290)
WEISBERG & MEYERS, LLC
6455 Pyrus Pl.
Carlsbad, CA 92011
760 676 4001
866 565 1327 facsimile
thussin@AttorneysForConsumers.com
Attorney for Plaintiff

# ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alex Upshaw | CASE NUMBER |
| | CV08-05296 PSG (MANx) |
| v. | |
| Creditors Financial Group, LLC | |
| PLAINTIFF(S) | |
| | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):  Creditors Financial Group, LLC

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Tammy Hussin, Weisberg & Meyers_ , whose address is _6455 Pyrus Place, Carlsbad CA 92011_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **AUG 1 3 2008**

By: _____

Deputy Clerk

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._